IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| SMALL LOANS, INC., *et al.* [1] | ) | Case No.: 11-12254 (WRS) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

### EXPEDITED MOTION FOR ORDER LIMITING NOTICE AND ESTABLISHING ADDITIONAL NOTICE PROCEDURES AND MOTION FOR APPROVAL OF ALTERNATE FORM OF NOTICE VIA WEBSITE

Small Loans, Inc. ("Small Loans"), The Money Tree Inc. ("The Money Tree"), The Money Tree of Louisiana, Inc. ("The Money Tree LA"), The Money Tree of Florida Inc. ("The Money Tree FLA"), and The Money Tree of Georgia Inc. ("The Money Tree GA"), debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned attorneys, hereby file this Motion for Order Limiting Notice and Establishing Additional Notice Procedures, and would respectfully show the Court as follows:

### I. JURISDICTION

1. The Court has jurisdiction over this matter pursuant to U.S. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory bases for the relief requested herein are sections 102(1)(A), 105(a), 363, 364, 1107 and 1008 of the Bankruptcy Code.

---

[1] The related Debtors along with the last four digits of each Debtors' federal tax identification number and respective case numbers are Small Loans, Inc. (3224) Case No. 11-12254, The Money Tree Inc. (1386) Case No. 11-12255, The Money Tree of Georgia Inc. (9228) Case No. 11-12258, The Money Tree of Florida Inc. (5315) Case No. 11-12257, and The Money Tree of Louisiana, Inc. (2592) Case No. 11-12256. Case information and the Debtors' respective addresses can be found at the dedicated website for these cases: http://www.kccllc.net/SmallLoansInc.

## II. BACKGROUND

3. On December 16, 2011 (the "Petition Date"), the Debtors each filed for relief under Chapter 11 of the Bankruptcy Code. The Debtors intend to continue to operate their businesses and manage their properties as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. By motions in each of their respective cases, the Debtors have requested that the Court enter an order directing the Debtors' Chapter 11 cases be jointly administered and consolidated for procedural purposes only.

5. This Court is referred to the Bellville Affidavit, filed contemporaneously herewith, for a detailed discussion of the factual background and circumstances surrounding the Debtors' commencement of these Chapter 11 cases. The Bellville Affidavit is incorporated herein by this reference. Capitalized terms not defined herein are as defined in the Joint Administration Motion.

6. The Debtors have more than 6,000 creditors in the aggregate. Service of all pleadings on all creditors will create significant costs and minimize the recovery for creditors in these cases.

## III. RELIEF REQUESTED

7. The Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules of this Court require certain notices to be served on all creditors and parties in interest (the "General Notices"). The Debtors request that this Court limit the notice required for General Notices and provide for additional notice procedures as follows:

   a. The following General Notices must be served by mail in accordance with Fed. R. Bankr. P. 2002 on the entire creditor matrix plus certain taxing and regulatory

authorities, the Office of the Bankruptcy Administrator, all persons and entities that filed a request for notice in this case, and the Debtors' attorneys:

      (i)      notice of the meeting of creditors pursuant to 11 U.S.C. § 341;

      (ii)     notice of the time fixed for filing proofs of claim;

      (iii)    notice of the hearing to dismiss the case or convert the case to another chapter;

      (iv)    notice of the time fixed for filing objections to and the hearing to consider approval of a disclosure statement; and

      (v)     notice of the time fixed for filing objections to and the hearing to consider confirmation of a chapter 11 plan.

      b.     All other General Notices need be served only on any person or entity that will be directly affected by that particular General Notice plus the Office of the Bankruptcy Administrator, all persons and entities that filed a request for notice in these cases, including without limitation, any other governmental agency, and the Debtors' attorney (the "Limited Service List").

      c.     The Debtors will post all General Notices on the bankruptcy website established by the Debtors, http://www.kccllc.net/SmallLoansInc, any order on this Motion, any other order limiting notice, and any other case information the Debtors believe would be helpful to creditors.

### III. ARGUMENT AND AUTHORITIES

8.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a "core" proceeding pursuant to 28 U.S.C. § 157. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested herein is authorized by 11 U.S.C. §§ 102(1)(A) and 105, Fed. R. Bankr. P. 2002 and 9007, and L. Bankr. Rules 2002.1 and 9007.1.

9.      The cost to copy and mail all General Notices to the entire creditor matrix would be unduly expensive and burdensome in this case with little or no countervailing benefit to creditors.

10.     The Debtors are concerned about maximizing distributions to all creditors in this case.  The Debtors are also mindful, however, of the need to provide due process and adequate notice to creditors to allow them to protect their rights in this case.  The Debtors believe the notice procedures proposed in this Motion strike the proper balance between minimizing costs and providing adequate notice to achieve the greatest overall benefit to creditors of these estates.

11.     Creditors who want to receive all of the General Notices can get them easily by filing a request for notices with the Court and/or checking the http://www.kccllc.net/SmallLoansInc website periodically.[2]  Additionally, the involvement and oversight of the Bankruptcy Administrator will help ensure that creditors' interests are protected without requiring each creditor to participate in the case or hire counsel.  Eliminating the need to serve all General Notices on the entire creditor matrix will save this estate tens of thousands of dollars in copying and postage charges and reduce the professional fees to manage service of those notices.

12.     The "minimum service requirement" set forth in L. Bankr. Rule 9007.1(a) will be satisfied in this case by serving any person or entity that will be directly affected by that particular pleading and/or notice plus the Office of the Bankruptcy Administrator, all persons and entities that filed a request for notice in this case including without limitation any other governmental agency, and the Debtors' attorney.

---

[2] The Debtor is serving this Motion on the entire creditor matrix, so all of those persons and entities will receive notice of this Motion.

13. The Committee Note to Rule 2002 states that notice by mail is impracticable "when the number of creditors with nominal claims is very large and the estate to be distributed may be insufficient to defray the costs of issuing the notices." Fed. R. Bankr. P. 2002 committee note. Pursuant to the Court's equitable authority under 11 U.S.C. § 105, its implicit authority to tailor notice requirements to be "appropriate in the particular circumstances" under 11 U.S.C. § 102(1)(A) and Fed. R. Bankr. P. 2002(m) and 9007, and coupled with the Committee's concern over burdensome, cumulative, and expensive notice requirements, this Court has the authority to grant the relief requested in this motion.

## IV. CONCLUSION

**WHEREFORE, PREMISES CONSIDERED** the Debtors request that the Court enter an order (a) limiting notice and establishing additional notice procedures as requested above and (b) granting the Debtors such other and further relief, at law or in equity, to which they may be justly entitled.

Dated: December 19, 2011

/s/ Max Anderson Moseley
Max A. Moseley
Jan M. Hayden
Bill D. Bensinger
Proposed Attorneys for Debtors and Debtors-in-Possession,
SMALL LOANS, INC., et al.

OF COUNSEL

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**
420 20th Street North, Suite 1600
Birmingham, Alabama 35203
Telephone: (205) 244-3817
Facsimile: (205) 488-3817