IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 11-12254-WRS |
| SMALL LOANS, INC., *et al.*[1], | ) |
| | ) Chapter 11 |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE MONEY TREE, INC. FOR ENTRY OF ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GREENBERG TRAURIG, LLP AS THEIR COUNSEL *NUNC PRO TUNC* TO JANUARY 27, 2012

> PURSUANT TO LBR 9007-1, THIS APPLICATION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE APPROVED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE FILED WITH THE CLERK AND SERVED UPON THE APPLICANT. RESPONSES MUST BE FILED ELECTRONICALLY WITH THE CLERK OR BY U.S. MAIL ADDRESSED TO THE CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, ALABAMA 36104

**COMES NOW,** the Official Committee of Unsecured Creditors of The Money Tree, Inc. (the "Committee"), pursuant to 11 U.S.C. §§ 328, 330, and 1103 and Federal Rule of Bankruptcy Procedure 2014, and files this its Application to Employ Greenberg Traurig, LLP as its Counsel *Nunc Pro Tunc* to January 27, 2012 (the "Application"). In support of its Application, the Committee respectfully states as follows:

---

[1] The following cases are being jointly administered with the case of Small Loans, Inc.: The Money Tree, Inc., Case No. 11-12255; The Money Tree of Louisiana, Inc., Case No. 11-12256; The Money Tree of Florida, Inc., Case No. 11-12257; and The Money Tree of Georgia, Inc. Case No. 11-12258.

## BACKGROUND

1. On December 16, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Code").

2. The Debtors are operating their businesses and managing their financial affairs as debtors-in-possession pursuant to Sections 1107 and 1108 of the Code.

3. On January 9, 2012, the Bankruptcy Administrator for the Middle District of Alabama appointed the Committee. On January 27, 2012, the Committee held its organizational meeting. The Committee held such meeting jointly with the Official Committee of Unsecured Creditors of Money Tree of Georgia, Inc. (collectively, the "Committees"). The Committees each selected the law firm of Greenberg Traurig, LLP ("Greenberg Traurig") as their counsel.

4. The Committee selected Greenberg Traurig because it has a great deal of experience in representing creditor's committees in chapter 11 bankruptcies and the Committee believes that Greenberg Traurig is well qualified to represent it in these proceedings. Because of a number of matters pending in these cases, Greenberg Traurig immediately began its representation of the Committee, subject to the Court's approval of its retention.

5. The Committee has voted unanimously to consolidate with the Official Committee of Unsecured Creditors of The Money Tree of Georgia, Inc., which has also voted unanimously to consolidate with the Committee. The Committees filed their Ex Parte Motion to Consolidate the Official Committees of Unsecured Creditors [Docket No. 140] (the "Motion") on January 31, 2012, which is presently pending. If the Motion is granted, Greenberg Traurig requests that it be employed to represent the consolidated committee.

6. The professional services Greenberg Traurig is to render at the request of the Committee include, but are not limited to:

a) giving legal advice with respect to the Committee's duties and powers in these cases;

b) assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' businesses, investigation of claims and causes of action and any other matter relevant to the cases;

c) participating in the sale of the Debtors' assets and the formulation of a plan of reorganization, if necessary;

d) filing any pleading and pursuing causes of action as appropriate; and

e) performing such other legal services as may be required and in the interest of the Committee.

It is necessary for the Committee to retain counsel to perform these services and to otherwise assist the Committee in fulfilling its statutory duties under the Bankruptcy Code.

7. To the best of the Committee's knowledge, and based on the representations of members of Greenberg Traurig, including the Affidavit of David B. Kurzweil attached hereto as Exhibit "A," Greenberg Traurig represents no entity other than the Committee in connection with this case and is disinterested as that term is defined in 11 U.S.C. § 101, and represents or holds no interest adverse to the interest of the estates with respect to the matters on which it is to be employed.

8. Greenberg Traurig has agreed to represent the Committee at a discount of 10% from its standard hourly rates. The discounted hourly rates for attorneys who will be primarily responsible for representing the Committee in this case will range from $430 to $675 for certain shareholders and of counsel, $305 to $425 for certain associates, and $225 for paralegals. These

rates may be adjusted from time to time, usually on January 1 of each year. Greenberg Traurig will be compensated at hourly rates and reimbursed for reasonable and necessary expenses, subject to Court approval under the applicable sections of the Bankruptcy Code. Greenberg Traurig will file fee applications with the Court in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and Orders of this Court and be paid pursuant to said Code, Rules and Orders.

**WHEREFORE**, the Committee respectfully requests that its employment of Greenberg Traurig to represent it, and the proposed consolidated committee, in this case under Chapter 11 of the Bankruptcy Code be approved *nunc pro tunc* to January 27, 2012, and that the Court provide such other and further relief as is just and proper.

Respectfully submitted this 8th day of February, 2012.

> THE OFFICIAL COMMITTEE OF UNSECURED
> CREDITORS OF THE MONEY TREE, INC.
>
>
> /s/ John McClendon
> By: John McClendon
> Its. Chairman

EXHIBIT "A"

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 11-12254-WRS |
| SMALL LOANS, INC., *et al.*[1], | ) |
| | ) Chapter 11 |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |

## AFFIDAVIT OF DAVID B. KURZWEIL IN SUPPORT OF APPLICATION FOR APPROVAL OF EMPLOYMENT OF GREENBERG TRAURIG, LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE MONEY TREE, INC.

STATE OF GEORGIA   )
                   )
COUNTY OF FULTON   )

DAVID B. KURZWEIL, being duly sworn says:

1.  I am an attorney admitted to practice in the State of Georgia.

2.  I am a shareholder in the law firm of Greenberg Traurig, LLP (the "Firm" or "Greenberg Traurig") with offices located at 3290 Northside Parkway, Suite 400, Atlanta, Georgia 30327.

3.  I submit this affidavit (the "Affidavit") in connection with the Application (the "Application") of the Official Committee of Unsecured Creditors for The Money Tree, Inc. (the "Committee"), to retain Greenberg Traurig as counsel to the Committee and to provide the disclosures required under the United States Code (the "Bankruptcy Code"), the rules of this Court and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] The following cases are being jointly administered with the case of Small Loans, Inc.: The Money Tree, Inc., Case No. 11-12255; The Money Tree of Louisiana, Inc., Case No. 11-12256; The Money Tree of Florida, Inc., Case No. 11-12257; and The Money Tree of Georgia, Inc. Case No. 11-12258

4. Subject to the disclosures contained in this Affidavit, to the best of my knowledge, neither I nor the firm represent any interest adverse to the Debtors, their creditors, or their estates, and are disinterested persons as required by 11 U.S.C. § 328(a).

5. To the best of my knowledge and information, and except as disclosed herein, Greenberg Traurig has no connection with the Debtors, its significant creditors, other parties in interest herein, its current respective attorneys or professionals, the Bankruptcy Administrator or any person employed in the office of the Bankruptcy Administrator, and does not hold or represent any entity having an adverse interest in connection with the Debtors' cases, except as disclosed herein.

6. In preparing this Affidavit, I caused to be submitted to Greenberg Traurig's computer conflict database the names of the following parties: (i) the Debtor; and (ii) the Debtors' twenty largest unsecured creditors, (iii) the Indenture Trustee for certain of the Debtors' debentures, U.S. Bank; (iv) other parties in interest known to Greenberg Traurig, including the Debtor's equity holders; and (v) the Debtors' attorneys. This database compared these names against a list of Greenberg Traurig's clients. In addition, Greenberg Traurig has or will send a memorandum to all shareholders, counsel and associates advising of our representation of the Committee in these proceedings and identifying the entities described above. Greenberg Traurig is still in the process of gathering and analyzing such information and will supplement the Affidavit to the extent necessary.

7. Greenberg Traurig maintains and systematically updates this system in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records. The conflict check system and adverse party index maintained by Greenberg Traurig is designed to include every matter on which the firm is now or has been engaged, by

which entity the firm is now or has been engaged, and, in each instance, the identity of related parties and adverse parties and the attorney in the firm that is knowledgeable about the matter. It is the policy of Greenberg Traurig that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system and adverse party index the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter and related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by Greenberg Traurig.

8. Greenberg Traurig and certain of its shareholders, counsel, and associates may have in the past represented or may currently represent the following creditors or and parties in interest of the Debtors in matters totally unrelated to the Debtors or this bankruptcy case:

(a) Unsecured Creditors:

Greenberg Traurig has represented, or represents, the following unsecured creditors of the Debtors with respect to matters unrelated to the Debtors:

> AT&T
> Republic Services, Inc, which acquired unsecured creditor Allied Waste
> Windstream Technologies, Inc.

(b) Other Parties in Interest:

Greenberg Traurig has represented, and is presently representing, U.S. Bank on matters unrelated to these bankruptcy cases or the Debtors. U.S. Bank is the Indenture Trustee for various subordinated demand notes and debentures that are presently outstanding, and serves as a member of the Committee.

Greenberg Traurig has represented, and is presently representing, Baker Donelson Bearman Caldwell & Berkowitz on matters unrelated to these bankruptcy cases or the Debtors. Baker Donelson is serving as the Debtors' counsel.

9. None of Greenberg Traurig's representations of these parties in interest comprises a material component of Greenberg Traurig's practice. To the best of my knowledge, the standard articulated by courts of the Eleventh Circuit regarding the appointment of counsel by a

creditors' committee has been met in these cases and, to the best of my knowledge, Greenberg Traurig represents no other entity having an adverse interest in connection with these cases.

10. Greenberg Traurig may represent other creditors or parties in interest in matters totally unrelated to this case; however, such creditors or parties in interest are not material creditors of the Debtors or parties in interest in these cases.

11. Greenberg Traurig is not an equity security holder or an insider of the Debtors.

12. Greenberg Traurig intends to apply for compensation for professional services rendered in connection with these chapter 11 cases, subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Greenberg Traurig.

13. The hourly rates to be charged are at a 10% discount to the Firm's standard hourly rates. These discounted hourly rates range from $430 to $675 for certain shareholders and of counsel, $305 to $425 for certain associates, and $225 for paralegals. These rates are set at a level designed to fairly compensate Greenberg Traurig for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Greenberg Traurig's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and other staff. Greenberg Traurig will

charge the estates in a manner consistent with charges made generally to Greenberg Traurig's clients.

14. Other than as set forth above and is in the Application, there is no proposed arrangement to compensate Greenberg Traurig in connection with its representation of the Committee.

15. Except for the continued representation of the Committee, the Money Tree of Georgia, Inc. Official Committee of Unsecured Creditors, and the proposed consolidated committee, neither I nor the Firm has or will represent any other entity in connection with this case. Neither I nor the Firm have or will accept any compensation from any creditor or other party in interest in this case, except compensation for services rendered to the Committee and reimbursement of necessary expenses from the Debtors' estates upon appropriate application to the Court.

16. By reason of the foregoing, I believe Greenberg Traurig is eligible for employment and retention by the Committee pursuant to Sections 328 and 1103 of the Bankruptcy Code and the applicable Bankruptcy Rules.

FURTHER AFFIANT SAYETH NAUGHT.

_____
DAVID B. KURZWEIL

Sworn to and subscribed before
me this 7th day of February, 2012.

_____
Notary Public

# CERTIFICATE OF SERVICE

This is to certify that I served the foregoing Application on all parties receiving notices of electronic filing in this case on this 8th day of February, 2012, including the following:

Bankruptcy Administrator
ba@almb.uscourts.gov

Bill D Bensinger on behalf of Debtor Small Loans, Inc.
bbensinger@bakerdonelson.com; syoung@bakerdonelson.com; msellers@bakerdonelson.com

William M. Brakefield on behalf of Creditor James Stephens
BANKRUPTCY@hsmbb.com

Heather D. Brown on behalf of Creditor Kolb, Wheeler & Walter @ Brunswick, LLC
hbrown@kkgpc.com; jwest@kkgpc.com

Jay H. Clark on behalf of Creditor Alvy Devon Smith Scholarship Fund
jc@wallacejordan.com; aa@wallacejordan.com

Frank W. DeBorde on behalf of Creditor LOTSolutions, Inc., formerly known as Life of the South Service Co., as agent for Life of the South Insurance Co., Insurance Co. of the South, Bankers Life of Louisiana, and Lyndon Southern Ins. Co.
fwd@mmmlaw.com

Andrew H. Dekle on behalf of Creditor Margaret Knox
ahdekle@bouhan.com

David A Garland on behalf of Creditor Howard Barfknecht
dgarland@mcdr-law.com

Janie Salmon Gilliland on behalf of Creditor Mary Ann Campbell
janiegilliland@knology.net; jlengill@yahoo.com

Jan M Hayden on behalf of Debtor Small Loans, Inc.
jhayden@bakerdonelson.com; lhunter@bakerdonelson.com; kpinkston@bakerdonelson.com

Max A. Moseley on behalf of Debtor Small Loans, Inc.
mmoseley@bakerdonelson.com; lisbell@bakerdonelson.com

R. Randolph Neeley on behalf of Creditor United States, Internal Revenue Service
rand.neeley@usdoj.gov; carol.brensing@usdoj.gov

Harmon T. Smith on behalf of Creditor Helen Spedale
htsmith@bellsouth.net

Christopher W Terry on behalf of Creditor Ruby Altman
cterry@stoneandbaxter.com

Lisa Wolgast on behalf of Creditor LOTSolutions, Inc., formerly known as Life of the South Service Co., as agent for Life of the South Insurance Co., Insurance Co. of the South, Bankers Life of Louisiana, and Lyndon Southern Ins. Co.
lwolgast@mmmlaw.com

/s/ John D. Elrod
John D. Elrod

Greenberg Traurig, LLP
The Forum, Suite 400
3290 Northside Parkway, N.W.
Atlanta, Georgia 30327
(678) 553-2259
(678) 553-2269 Facsimile