UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No: 11-12254-WRS-11 |
| | ) | |
| **SMALL LOANS, INC., et al.** | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

**CHAPTER 11 TRUSTEE'S MOTION FOR ORDER (1) AUTHORIZING SALE OF CERTAIN OF DEBTORS' CONSUMER CREDIT ACCOUNTS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES UNDER SECTION 363 OF THE BANKRUPTCY CODE AND (2) APPROVING TERMS FOR SUBMISSION OF COMPETING OFFERS AND AUCTION PROCEDURE**

S. Gregory Hays, the chapter 11 bankruptcy trustee (the "Trustee") appointed in the above captioned case, hereby moves the Court pursuant to Rule 6004(c) of the Federal Rules of Bankruptcy Procedure for entry of an order under Sections 105(a) and 363(b) and (f) of the Bankruptcy Code **(1)** authorizing and approving the sale of certain consumer credit accounts, notes, receivables, security instruments, insurance policies and other ancillary products owned by Best Buy Autos of Bainbridge Inc. ("Best Buy"), a non-debtor subsidiary of The Money Tree of Georgia Inc. (the "Best Buy Accounts"), as well as certain accounts owned by Small Loans, Inc., The Money Tree, Inc., The Money Tree of Louisiana, Inc., The Money Tree of Florida Inc., and The Money Tree of Georgia Inc. (the "Charged Off Accounts") (collectively, the "Acquired Assets") to DealerIndustry.com, LLC, a Florida limited liability company, d/b/a Automotive Capital Corporation ("Automotive Capital"), or to a higher bidder, free and clear of liens, claims and encumbrances, and **(2)** approving terms for submission of competing offers and auction procedures. In support of this Motion, the Trustee respectfully states as follows:

**I. BACKGROUND**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N).

2. On December 16, 2011 (the "Petition Date"), Small Loans, Inc., The Money Tree, Inc., The Money Tree of Louisiana, Inc., The Money Tree of Florida Inc., and The Money Tree of Georgia Inc. (collectively, the "Debtors") filed voluntary chapter 11 bankruptcy cases in this Court. The Debtors' cases were procedurally consolidated by the Court's Order Granting Joint Administration, dated January 5, 2012.

3. The Debtors are engaged in the business of making small, short-term loans to customers in the states of Alabama, Georgia, Louisiana, and Florida.

4. The Debtors have primarily obtained funding for their operations from the sale to private investors of unregistered subordinated debentures, and promissory notes.

5. Since the Petition Date, the Debtors have not obtained new financing.

6. On April 27, 2012, the Court granted the Omnibus Official Committee of Unsecured Creditors' (the "Committee") motion for the appointment of a chapter 11 trustee, and S. Gregory Hays was appointed as the Trustee, by Order dated April 30, 2012.

7. The Trustee has marketed and advertised the Debtors' businesses and assets, including Acquired Assets, for potential sale and has used the services of Renova Partners, LLC ("Renova Partners") as the Trustee's brokers.

8. The Trustee has determined that selling the Acquired Assets is in the best interest of the Debtors' estates and their creditors. While Best Buy is a non-debtor, the Trustee submits that obtaining Court approval for the sale of the assets is appropriate due to, among other things, the impact of the proposed sale on the Debtors' bankruptcy estates.

## II. SALE TERMS AND PROCEDURES

*The Best Buy APA*

9.   Automotive Capital has submitted that certain Asset Purchase Agreement dated July 26, 2012 (the "Best Buy APA"), demonstrating Automotive Capital's desire to purchase the Best Buy Accounts listed on Exhibits A-1, A-2, and A-3 of the Best Buy APA. A true and correct copy of the Best Buy APA is attached hereto as **Exhibit "A."** A summary of the material terms of the Best Buy APA is as follows:

(a)   Automotive Capital proposes to purchase, subject to approval of the Court, the Best Buy Accounts. The Best Buy Accounts include Best Buy's interest in certain consumer credit accounts, notes, receivables, security instruments, deficiency judgments, insurance policies, and other ancillary products related to the consumer credit accounts owned by Best Buy and generated by Best Buy before June 10, 2012

(b)   The "Purchase Price" under the Best Buy APA for the Best Buy Accounts is One Million Six Hundred Ten Thousand Dollars ($1,610,000).

(c)   Automotive Capital has also submitted an offer to purchase the Charged Off Accounts owned by the Debtors (as discussed in more detail below). Automotive Capital's offer to purchase the Charged Off Accounts is contingent upon Automotive Capital being the successful bidder for the Best Buy Accounts; Automotive Capital's offer to purchase the Best Buy Accounts stands by itself and is not contingent upon Automotive Capital being the successful bidder for the Charged Off Accounts.

(d)   Automotive Capital has agreed to pay a deposit of $50,000 to the Trustee in connection with the Best Buy APA. The Purchase Price is to be paid to the Trustee by wire transfer at closing, less the deposit paid by Automotive Capital.

(e) The Trustee proposes to sell the Best Buy Accounts to Automotive Capital (subject to higher or better bids as described below) free and clear of all liens, claims, interests, and encumbrances, pursuant to, *inter alia*, Sections 105(a) and 363(b) and (f) of the Bankruptcy Code. The Best Buy Accounts are proposed to be sold on an "as is, where is" basis with no recourse or warranty, except as specifically set forth in the Best Buy APA.

*The Charged Off Accounts APA*

10. Automotive Capital has also submitted that certain Asset Purchase Agreement dated July 26, 2012 (the "Charged Off Accounts APA"), demonstrating Automotive Capital's desire to purchase the Charged Off Accounts listed on Exhibits A-1, A-2, and A-3 of the Charged Off Accounts APA. A true and correct copy of the Charged Off Accounts APA is attached hereto as **Exhibit "B."** A summary of the material terms of the Charged Off Accounts APA is as follows:

(a) Automotive Capital proposes to purchase, subject to approval of the Court, the Charged Off Accounts. The Charged Off Accounts include the Debtors' interest in certain charged off (or written off) consumer credit accounts, notes, receivables, security instruments, deficiency judgments, insurance policies, and other ancillary products related to the charged off consumer credit accounts owned by Debtors.

(b) The "Purchase Price" under the Charged Off Accounts APA for the Charged Off Accounts is Two Hundred Nine Thousand Three Hundred Forty Six Dollars ($209,346).

(c) Automotive Capital has also submitted an offer to purchase the Best Buy Accounts owned by Best Buy (as discussed in more detail above). Automotive Capital's offer to purchase the Best Buy Accounts stands by itself and is not contingent upon Automotive Capital

being the successful bidder for the Charged Off Accounts; Automotive Capital's offer to purchase the Charged Off Accounts is contingent upon Automotive Capital being the successful bidder for the Best Buy Accounts.

(d) Automotive Capital has agreed to pay a deposit of $10,000 to the Trustee in connection with the Charged Off Accounts APA. The Purchase Price is to be paid to the Trustee by wire transfer at closing, less the deposit paid by Automotive Capital.

(e) The Trustee proposes to sell the Charged Off Accounts to Automotive Capital (subject to higher or better bids as described below) free and clear of all liens, claims, interests, and encumbrances, pursuant to, *inter alia*, Sections 105(a) and 363(b) and (f) of the Bankruptcy Code. The Charged Off Accounts are proposed to be sold on an "as is, where is" basis with no recourse or warranty, except as specifically set forth in the Charged Off Accounts APA.

*Procedures Applicable to Sale of Best Buy Accounts and Charged Off Accounts*

11. In order to maximize the value received for the Acquired Assets (which includes both the Best Buy Accounts and the Charged Off Accounts), the Trustee proposes that other parties be permitted to make competing offers for the Acquired Assets at an auction. Specifically, the Trustee proposes that the Acquired Assets be offered at an auction, and that competing bids be submitted by others for all of the Acquired Assets as a single "lot," or separately with the goal of bringing the highest aggregate bid price.

12. With respect to competing bids and auction procedures, the Trustee proposes that should any other interested party desire to submit a bid, it may do so pursuant to the terms and conditions below:

(a) <u>Qualified Bidder</u>. A "Qualified Bidder" shall be a person or entity who has delivered a written bid to the Trustee, with a copy to Trustee's counsel, prior to the Sale Hearing. The written bid must be accompanied by a cashier's check or wire transfer for $50,000 (in order to bid on the Best Buy Accounts) and by a cashier's check or wire transfer for $10,000 (in order to bid on the Charged Off Accounts) payable to the order of the Trustee, unless other arrangements are made with the Trustee; by evidence satisfactory to the Trustee establishing bidder's financial ability to close; by information satisfactory to the Trustee regarding both the bidder and its partner(s), if any, with respect to the requirements enumerated in Section 363(n) of the Bankruptcy Code; and by a "marked up" copy of the Best Buy APA or the Charged Off Accounts APA (or both, as applicable) reflecting the changes that the bidder would require Copies of each bid, including all of the documents described in this paragraph, must provided via email to John D. Elrod (elrodj@gtlaw.com) as counsel for the Omnibus Official Committee of Unsecured Creditors. For avoidance of doubt, Automotive Capital shall be deemed to be a Qualified Bidder and its proposal set forth in the APA shall be deemed to be an initial qualified bid.

(b) <u>Qualified Bid Requirements</u>. Qualified competing bids shall be on substantially the same terms as those set forth in the proposal from Automotive Capital excepting only as to (i) the identity of the purchaser, and (ii) the amount of the Purchase Price.

(c) <u>Auction</u>. Should the Trustee receive any qualified competing bids, he will conduct an auction (the "Auction") in a manner, and upon terms, approved by the Court. The Acquired Assets will be auctioned as a single lot or by separate lots consisting of the Best Buy Accounts as one lot and the Charged Off Accounts as another lot. Qualified Bidders may participate in person or by telephone at the Auction. The Trustee will announce at the

-6-

commencement of the Auction which Qualified Bid is the highest and best bid for the Acquired Assets. Qualified Bidders will have an opportunity to increase their offers at the Auction pursuant to terms proposed by the Trustee and approved by the Court. At the conclusion of the Auction, the Trustee shall determine the highest and best bid for the Acquired Assets. Bids are irrevocable until the earlier of (a) one (1) business days after the sale has closed, or (b) twenty (20) days after the Sale Hearing. All deposits other than the deposit of the successful bidder will be returned at the conclusion of the Sale Hearing.

      (d)    <u>Bidding Procedures</u>. The Trustee requests that the Bankruptcy Court approve separate bidding procedures (the "Bidding Procedures") for the Best Buy Accounts and the Charged Off Accounts. Copies of the Bidding Procedures attached hereto as **Exhibits "C" and "D,"** respectively. To the extent that the terms and conditions set out in the Bidding Procedures may conflict with the terms and conditions described in this motion, the Bidding Procedures shall govern.

      (e)    <u>Approval of Bankruptcy Court</u>. The Trustee shall report the highest or best bid to the Bankruptcy Court at the Sale Hearing and shall report the second highest or best bid to the Bankruptcy Court at the Sale Hearing for approval by the Bankruptcy Court. **The Trustee seeks approval from the Bankruptcy Court at this time to offer to the high bidder for the Best Buy Accounts the option to purchase certain additional accounts (the "Additional Best Buy Accounts") generated by Best Buy after June 10, 2012 for an amount not less than 50% of the then outstanding balance for each such account and subject to the final price being agreed upon by the Trustee, the winning bidder, and the Committee. The Trustee further seeks approval of the Bankruptcy Court at this time to offer to the high bidder for the Best Buy Accounts the option to purchase all of Best Buy's remaining**

**automotive inventory (the "Automobile Inventory") for an amount to be agreed upon by the Trustee, the winning bidder, and the Committee. The Trustee requests the Court's authorization at this time regarding the Additional Best Buy Accounts and the Automobile Inventory because the Trustee does not want the Debtors' estates to incur the additional expense that would be associated with the Trustee having to file another sale motion and obtain additional authorization from the Court to sell the Additional Best Buy Accounts and/or the Automobile Inventory on a later date.**

13. Accordingly, by this Motion, the Trustee requests that the Court, pursuant to Sections 105, 363(b) and (f) of the Bankruptcy Code, schedule a Sale Hearing to consider the proposed sale of the Acquired Assets. At the Sale Hearing, the Trustee requests that the Court authorize the Trustee to conduct the Auction pursuant to the procedures set forth hereinabove. Following the Auction, the Trustee will report the highest and best bid for the Acquired Assets, and the Trustee requests that the Court give final authorization to him to consummate the sale represented by such bid, if determined by the Trustee, in the exercise of his business judgment, to be in the best interest of the estates.

### III. BASIS FOR RELIEF WITH RESPECT TO SALE

14. Section 363(b)(1) of the Bankruptcy Code provides that a debtor, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate. *See* 11 U.S.C. §363(b)(1).

15. Pursuant to Section 363(f) of the Bankruptcy Code, the Court may authorize the sale of assets free and clear of existing liens, claims, and encumbrances if (a) applicable non-bankruptcy law permits the sale of such property free and clear of such interests, (b) the entity holding the lien, claim or encumbrance consents to the proposed sale, (c) such interest is a lien

and the price for which the property is to be sold is greater than the aggregate value of all liens on the property, (d) such interest is in bona fide dispute, or (e) such entity could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest. The Trustee represents that a sale of the Acquired Assets owned by the Debtors as proposed herein is authorized because there are no known holders of a claim secured in the assets to be sold.

16. The sale contemplated by this Motion will be for cash. Liens, if any exist, will attach to the proceeds generated to the extent there are sufficient proceeds for such attachment.

## IV. FINDING THAT SALE IS IN GOOD FAITH

17. The Trustee further seeks the protections afforded to a purchaser with regard to sale transactions under Section 363(m) of the Bankruptcy Code, which provides that the reversal or modification on appeal of an authorization of a sale or lease of property does not affect the validity of the sale or lease under such authorization to an entity that purchased or leased the property in good faith. *See* 11 U.S.C. § 363(m).

18. Although the Bankruptcy Code does not define good faith, courts have recognized that the kind of misconduct that would destroy a good faith status involves fraud, collusion between the purchaser and other offerors, or an attempt to take grossly unfair advantage of other offerors. *In re Abbott Dairies of Pa., Inc.*, 788 F.2d 143, 147 (3rd Cir. 1986).

19. The Trustee submits that the proposed method of conducting the sale is reasonable and appropriate. The Trustee expects and will further show at the Sale Hearing that both the Trustee and Automotive Capital, or the successful bidder, will have proceeded in good faith. Therefore, the sale and Automotive Capital, or the successful bidder, should each be entitled to the protections of Section 363(m) of the Bankruptcy Code.

## V. OTHER RELIEF REQUESTED

20. Time being of the essence, the Trustee also requests that the Court waive the fourteen (14) day stay period and allow the proposed sale to be consummated immediately upon entry of an order approving the sale as authorized by Bankruptcy Rule 6004(h).

21. The Trustee is not aware of any liens against the Acquired Assets. To the extent that there are any liens against the Acquired Assets, the Trustee shall hold the proceeds received from the sale of the Acquired Assets (the "Sale Proceeds") in escrow pending an investigation and determination regarding the extent, validity, and priority of the liens.

## VI. NOTICE

22. A copy of this Motion is being served by first class United States mail, upon (i) the Bankruptcy Administrator, Teresa R. Jacobs, (ii) counsel for the Debtors, (iii) counsel for the Omnibus Official Committee of Unsecured Creditors, (iv) the Limited Service List described in the Order Limiting Notice, Establishing Additional Notice Procedures and Approving Alternative Form of Notice Via Website [ECF Docket No. 91], (v) DealerIndustry.com, LLC, a Florida limited liability company, d/b/a Automotive Capital Corporation, and (vi) those persons who have requested notice pursuant to Fed. R. Bankr. P. 2002. The Trustee will give notice of the hearing on this Motion to the same parties and to all entities known to the Trustee claiming liens on any of the assets to be sold pursuant to the proposed sale. The Trustee submits that no further notice be given.

WHEREFORE, the Chapter 11 bankruptcy trustee, S. Gregory Hays, respectfully requests that the Court enter an Order (1) authorizing the proposed sale of the Acquired Assets to Automotive Capital or the successful bidder; (2) authorizing the Trustee to conduct an auction of the Acquired Assets at the hearing scheduled on this Motion; (3) authorizing the Trustee to

consummate the sale of the Acquired Assets on the terms and conditions described in this Motion, including the bidding procedures; (4) finding that the successful bidder is purchasing the Acquired Assets in "good faith" within the meaning of Section 363(m) of the Bankruptcy Code; (5) finding that the consideration to be paid by the successful bidder for the Acquired Assets is fair and reasonable; (6) finding that the sale of the Acquired Assets is in the best interests of the Debtors' estates and creditors; (7) finding that there has been proper and adequate notice given to all parties required by law to receive notice of the sale; (8) finding that the requirements of Sections 363 of the Bankruptcy Code have been met; (9) authorizing the Trustee to sell the Additional Best Buy Accounts to Automotive Capital or the successful bidder, and (10) granting the Trustee such other and further relief as is just and proper.

Respectfully submitted,

/s/ Bradley R. Hightower
Daniel D. Sparks
Eric J. Breithaupt
Bradley R. Hightower
Attorneys for S. Gregory Hays, Chapter 11
Bankruptcy Trustee

**OF COUNSEL:**
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203
Phone: (205) 795-6588
Fax: (205) 328-7234

# CERTIFICATE OF SERVICE

      I hereby certify that I have this date served a copy of the foregoing pleading upon the following via the ECF system or by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the 26th day of July, 2012:

Teresa R. Jacobs
U.S. Bankruptcy Administrator
Frank M. Johnson, Jr. Federal Building
One Church Street, Suite 103
Montgomery, Alabama 36104

Bill D. Bensinger
Max A. Mosley
Baker, Donelson, Bearman, Caldwell & Berkowitz
1600 Wells Fargo Tower
420 20th Street North
Birmingham, Alabama 35203

Jan M. Hayden
Baker, Donelson, Bearman, Caldwell & Berkowitz
201 St. Charles Avenue
New Orleans, Louisiana 70170

John D. Elrod
R. Kyle Woods
Greenberg Traurig, LLP
The Forum – Suite 400
3290 Northside Parkway, NW
Atlanta, Georgia 30327

Douglas V. Oakes
DealerIndustry.com LLC, d/b/a Automotive Capital Corporation
2295 South Hiawassee Road, Suite 410
Orlando, Florida 32835

**Those persons who have requested notice pursuant to Fed. R. Bankr. P. 2002**

                              /s/ Bradley R. Hightower
                              OF COUNSEL