# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No: 11-12254-WRS-11 |
| | ) | |
| **SMALL LOANS, INC., et al.** | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

**CHAPTER 11 TRUSTEE'S MOTION FOR ORDER (1) AUTHORIZING SALE OF DEBTORS' CONSUMER CREDIT ACCOUNTS, FURNITURE, FIXTURES, EQUIPMENT, AND OTHER INCIDENTAL ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES UNDER SECTION 363 OF THE BANKRUPTCY CODE AND (2) APPROVING TERMS FOR SUBMISSION OF COMPETING OFFERS AND AUCTION PROCEDURES**

S. Gregory Hays, the chapter 11 trustee (the "Trustee") appointed in the above captioned cases, hereby moves the Court pursuant to Rule 6004(c) of the Federal Rules of Bankruptcy Procedure for entry of an order under Sections 105(a) and 363(b) and (f) of the Bankruptcy Code **(1)** authorizing and approving the Trustee's sale of certain consumer credit accounts, notes, receivables, security instruments, insurance policies and other ancillary products, along with certain furniture, fixtures, and equipment, and other incidental assets collectively comprising the individual branch offices (collectively, the "Branches") owned and operated by Small Loans, Inc., The Money Tree, Inc., The Money Tree of Louisiana, Inc., The Money Tree of Florida Inc., and The Money Tree of Georgia Inc. (collectively, the "Debtors") to Western Shamrock Corporation ("Western Shamrock"), or to a higher bidder, free and clear of liens, claims and encumbrances, and **(2)** approving terms for submission of competing offers and auction procedures. In support of this Motion, the Trustee respectfully states as follows:

## I. BACKGROUND

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N).

2. On December 16, 2011 (the "Petition Date"), the Debtors filed voluntary chapter 11 bankruptcy cases in this Court. The Debtors' cases were procedurally consolidated by the Court's Order Granting Joint Administration, dated January 5, 2012.

3. The Debtors are engaged in the business of making small, short-term loans to customers in the states of Alabama, Georgia, Louisiana, and Florida.

4. The Debtors have primarily obtained funding for their operations from the sale to private investors of unregistered subordinated debentures, and promissory notes.

5. Since the Petition Date, the Debtors have not obtained any new financing.

6. On April 27, 2012, the Court granted the Omnibus Official Committee of Unsecured Creditors' (the "Committee") motion for the appointment of a chapter 11 trustee, and S. Gregory Hays was appointed as the Trustee, by Order dated April 30, 2012.

7. The Trustee has marketed and advertised the Debtors' businesses and assets, including the Branches, for potential sale and has used the services of Renova Partners, LLC ("Renova Partners") as the Trustee's broker.

8. The Trustee has determined that selling the Branches is in the best interest of the Debtors' estates and their creditors.

## II. SALE TERMS AND PROCEDURES

*The Western Shamrock APA*

9. Western Shamrock has submitted that certain Asset Purchase Agreement dated September 6, 2012 (the "Western Shamrock APA"), demonstrating Western Shamrock's desire to purchase all of the Branches listed in Schedule 1.1 of the Western Shamrock APA. A true and correct copy of the Western Shamrock APA is attached hereto as **Exhibit "A."** A summary of the material terms of the Western Shamrock APA is as follows:

(a) Western Shamrock proposes to purchase, subject to approval of the Court, all of the Branches owned and operated by the Debtors. This includes nine (9) Branches in Alabama, one (1) Branch in Florida, twenty nine (29) Branches in Georgia, and seven (7) Branches in Louisiana. All of the Debtors' consumer credit accounts, notes, receivables, security instruments, insurance policies and other ancillary products (<u>other than</u> those certain accounts that are described in the Trustee's Motion for Order (1) Authorizing Sale of Certain of Debtors' Consumer Credit Accounts Free and Clear of Liens, Claims and Encumbrances Under Section 363 of the Bankruptcy Code and (2) Approving Terms for Submission of Competing Offers and Auction Procedure [ECF Docket No. 501] (collectively, the "Charged Off Accounts")), as well as all the furniture, fixtures, and equipment located in the Branches is subject to the sale.

(b) The "Purchase Price" under the Western Shamrock APA for the Branches is Four Million Three Hundred Seventy Five Thousand Dollars ($4,375,000).

(c) Western Shamrock has agreed to pay a deposit equal to 5% of the Purchase Price ($218,750) to the Trustee in connection with the Western Shamrock APA. The Purchase Price is to be paid to the Trustee by wire transfer at closing, less the deposit paid by Western Shamrock.

(d) Western Shamrock will deposit one percent (1%) of the Purchase Price with an escrow agent and the funds will be placed in an interest bearing account at the time of closing and used to compensate Western Shamrock with respect to any Invalid Loans as that term is defined in the Western Shamrock APA.

(e) The Trustee proposes to sell the Branches to Western Shamrock (subject to higher or better bids as described below) free and clear of all liens, claims, interests, and encumbrances, pursuant to, *inter alia*, Sections 105(a) and 363(b) and (f) of the Bankruptcy

Code. The Branches are proposed to be sold on an "as is, where is" basis with no recourse or warranty, except as specifically set forth in the Western Shamrock APA.

(f) Western Shamrock has agreed to adopt the privacy policy (the "Private Policy") that the Debtors had in place as of the Petition Date regarding the consumer credit accounts, notes, receivables, security instruments, insurance policies and other ancillary products that are being purchased.

*Procedures Applicable to Sale of the Branches*

10. In order to maximize the value received for the Branches, the Trustee proposes that other parties be permitted to make competing offers for the Branches at an auction. Specifically, the Trustee proposes that the Branches be offered at an auction, and that competing bids be submitted by others for all of the Branches as a single "lot," or separately with the goal of bringing the highest aggregate bid price.

11. With respect to competing bids and auction procedures, the Trustee proposes that should any other interested party desire to submit a bid, it may do so pursuant to the terms and conditions below:

(a) <u>Qualified Bidder</u>. A "Qualified Bidder" shall be a person or entity who has delivered a written bid to the Trustee, with a copy to Trustee's counsel, prior to the Auction. The written bid must be accompanied (1) by a cashier's check or wire transfer for 5% of the Purchase Price of the particular Branches that the bidder desires to purchase and payable to the order of the Trustee, unless other arrangements are made with the Trustee; (2) by evidence satisfactory to the Trustee establishing bidder's financial ability to close; (3) by information satisfactory to the Trustee regarding both the bidder and its partner(s), if any, with respect to the requirements enumerated in Section 363(n) of the Bankruptcy Code; and (4) by a "marked up"

Case 11-12254    Doc 544    Filed 09/07/12    Entered 09/07/12 17:01:01    Desc Main
Document      Page 4 of 11

copy of the Western Shamrock APA reflecting the changes that the bidder would require. Copies of each bid, including all of the documents described in this paragraph, must provided via email to John D. Elrod (elrodj@gtlaw.com) as counsel for the Committee. For avoidance of doubt, Western Shamrock shall be deemed to be a Qualified Bidder and its proposal set forth in the Western Shamrock APA shall be deemed to be an initial qualified bid.

(b) <u>Qualified Bid Requirements</u>. Qualified competing bids shall be on substantially the same terms as those set forth in the proposal from Western Shamrock excepting only as to (i) the identity of the purchaser, (ii) the amount of the Purchase Price, and (iii) the particular Branches that the bidder desires to purchase.

(c) <u>Auction</u>. Should the Trustee receive any qualified competing bids, he will conduct an auction (the "Auction") in a manner, and upon terms, approved by the Court. The Branches will be auctioned as a single lot or as separate lots consisting of any combination of the Branches as determined by the Trustee, after consultation with the Committee, in the Trustee's discretion. Qualified Bidders may participate in person or by telephone at the Auction but at least one spokesperson for each Qualified Bidder must be present at the Auction. The Trustee will announce at the commencement of the Auction which Qualified Bid is the highest and best bid for the Branches. Qualified Bidders will have an opportunity to increase their offers at the Auction pursuant to terms proposed by the Trustee and approved by the Court. At the conclusion of the Auction, the Trustee shall determine the highest and best bid for the Branches. Bids are irrevocable until 1 business day after the sale has closed. All deposits other than the deposit of the successful bidder will be returned within 5 business days following the Auction.

(d) <u>Bidding Procedures</u>. The Trustee requests that the Court approve bidding procedures (the "Bidding Procedures") for the Auction of the Branches. A copy of the Bidding

Procedures proposed by the Trustee is attached hereto as **Exhibits "B."** To the extent that the terms and conditions set out in the Bidding Procedures may conflict with the terms and conditions described in this Motion, the Bidding Procedures shall govern.

(e) <u>Approval of Bankruptcy Court</u>. **The Trustee seeks approval from the Bankruptcy Court at this time to offer for sale at the Auction any and all remaining tangible assets (the "Remaining Assets") owned by the Debtors (this specifically does not include causes of action) that are not included in the Branches listed in Schedule 1.1 of the Western Shamrock APA. Upon information and belief, the aggregate value of the Remaining Assets is less than $250,000. The final price for which the Remaining Assets shall be sold is subject to being agreed upon by the Trustee, the winning bidder(s) for the Remaining Assets, the and Committee. The Trustee requests the Court's authorization at this time regarding the Remaining Assets because the Trustee does not want the Debtors' estates to incur the additional expense that would be associated with the Trustee having to file another sale motion and obtain additional authorization from the Court to sell the Remaining Assets on a later date.**

(f) <u>Notice of Disposition of Auction to Bankruptcy Court</u>. After the Auction, the Trustee shall file a Notice of Disposition with the Court to report the highest or best bid to and the name of the successful bidder to the Court.

12. Accordingly, by this Motion, the Trustee requests that the Court, pursuant to Sections 105, 363(b) and (f) of the Bankruptcy Code, schedule a Sale Hearing to consider the Trustee's proposed sale of the Branches. At the Sale Hearing, the Trustee requests that the Court authorize the Trustee to conduct the Auction pursuant to the procedures set forth hereinabove. Following the Auction, the Trustee will report the highest and best bid for the Acquired Assets,

and the Trustee requests that the Court give final authorization to him to consummate the sale represented by such bid, if determined by the Trustee, in the exercise of his business judgment, to be in the best interest of the estates.

### III. BASIS FOR RELIEF WITH RESPECT TO SALE

13. Section 363(b)(1) of the Bankruptcy Code provides that a trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate. *See* 11 U.S.C. §363(b)(1).

14. Pursuant to Section 363(f) of the Bankruptcy Code, the Court may authorize the sale of assets free and clear of existing liens, claims, and encumbrances if (a) applicable non-bankruptcy law permits the sale of such property free and clear of such interests, (b) the entity holding the lien, claim or encumbrance consents to the proposed sale, (c) such interest is a lien and the price for which the property is to be sold is greater than the aggregate value of all liens on the property, (d) such interest is in bona fide dispute, or (e) such entity could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

15. The Trustee represents that a sale of the Branches owned by the Debtors as proposed herein is authorized because there are no known holders of a claim secured in the assets to be sold.

16. The sale contemplated by this Motion will be for cash. Liens, if any exist, will attach to the proceeds generated to the extent there are sufficient proceeds for such attachment.

### IV. FINDING THAT SALE IS IN GOOD FAITH

17. The Trustee further seeks the protections afforded to a purchaser with regard to sale transactions under Section 363(m) of the Bankruptcy Code, which provides that the reversal or modification on appeal of an authorization of a sale or lease of property does not affect the

validity of the sale or lease under such authorization to an entity that purchased or leased the property in good faith. *See* 11 U.S.C. § 363(m).

18. Although the Bankruptcy Code does not define good faith, courts have recognized that the kind of misconduct that would destroy a good faith status involves fraud, collusion between the purchaser and other offerors, or an attempt to take grossly unfair advantage of other offerors. *In re Abbott Dairies of Pa., Inc.*, 788 F.2d 143, 147 (3rd Cir. 1986).

19. The Trustee submits that the proposed method of conducting the sale is reasonable and appropriate. The Trustee expects and will further show at the Sale Hearing that both the Trustee and Western Shamrock, or the successful bidder, will have proceeded in good faith. Therefore, the sale and Western Shamrock, or the successful bidder, should each be entitled to the protections of Section 363(m) of the Bankruptcy Code.

## V. OTHER RELIEF REQUESTED

20. Time being of the essence, the Trustee requests that the Court waive the fourteen (14) day stay period and allow the proposed sale to be consummated immediately upon entry of an order approving the sale as authorized by Bankruptcy Rule 6004(h).

21. The Trustee is not aware of any liens against the Branches. To the extent that there are any liens against the Branches, the Trustee shall hold the proceeds received from the sale of the Branches (the "Sale Proceeds") in escrow pending an investigation and determination regarding the extent, validity, and priority of the liens.

22. The Trustee requests that the Court extend its previous appointment of Von G. Memory as consumer privacy ombudsman (the "Ombudsman") for the purpose of having the Ombudsman review the terms of the Trustee's sale of the Branches to Western Shamrock, or the successful bidder, and advise the Court regarding any privacy concerns that may arise regarding

the sale. The Court previously approved payment of a $7,500 flat fee to the Ombudsman and the Ombudsman will not charge any additional fees or request reimbursement for any additional expenses incident to his review of the terms of this sale.

## VI. NOTICE

23. A copy of this Motion is being served by first class United States mail, upon (i) the Bankruptcy Administrator, Teresa R. Jacobs, (ii) counsel for the Omnibus Official Committee of Unsecured Creditors, (iii) the Limited Service List described in the Order Limiting Notice, Establishing Additional Notice Procedures and Approving Alternative Form of Notice Via Website [ECF Docket No. 91], (iv) Western-Shamrock Corporation, and (v) those persons who have requested notice pursuant to Fed. R. Bankr. P. 2002. The Trustee will give notice of the hearing on this Motion to the same parties and to all entities known to the Trustee claiming liens on any of the assets to be sold pursuant to the proposed sale. The Trustee submits that no further notice be given.

WHEREFORE, the Chapter 11 bankruptcy trustee, S. Gregory Hays, respectfully requests that the Court enter an Order (1) authorizing the proposed sale of the Branches to Western Shamrock or the successful bidder; (2) authorizing the Trustee to conduct an auction of the Branches at the hearing scheduled on this Motion; (3) authorizing the Trustee to consummate the sale of the Branches on the terms and conditions described in this Motion, including the bidding procedures; (4) finding that the successful bidder is purchasing the Branches in "good faith" within the meaning of Section 363(m) of the Bankruptcy Code; (5) finding that the consideration to be paid by the successful bidder for the Branches is fair and reasonable; (6) finding that the sale of the Branches is in the best interests of the Debtors' estates and creditors; (7) finding that there has been proper and adequate notice given to all parties required by law to

receive notice of the sale; (8) finding that the requirements of Sections 363 of the Bankruptcy Code have been met; and (9) granting the Trustee such other and further relief as is just and proper.

>Respectfully submitted,
>
>/s/ Bradley R. Hightower
>Daniel D. Sparks
>Eric J. Breithaupt
>Bradley R. Hightower
>Attorneys for S. Gregory Hays, Chapter 11
>Bankruptcy Trustee

**OF COUNSEL:**
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203
Phone: (205) 795-6588
Fax: (205) 328-7234

# CERTIFICATE OF SERVICE

  I hereby certify that I have this date served a copy of the foregoing pleading upon the following via the ECF system or by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the 7th day of September, 2012:

Teresa R. Jacobs
U.S. Bankruptcy Administrator
Frank M. Johnson, Jr. Federal Building
One Church Street, Suite 103
Montgomery, Alabama 36104

John D. Elrod
R. Kyle Woods
Greenberg Traurig, LLP
The Forum – Suite 400
3290 Northside Parkway, NW
Atlanta, Georgia 30327

Western Shamrock Corporation
Attn: Scott Wisniewski
801 South Abe Street
San Angelo, Texas 76903

Frank Virgin
Slaughter Virgin PC
1201 Peachtree Street NE Ste. 1110
Atlanta, Georgia 30361

Von G. Memory
Memory & Day
P.O. Box 4054
Montgomery, Alabama 36103

**Those persons who have requested notice pursuant to Fed. R. Bankr. P. 2002**

           /s/ Bradley R. Hightower
           OF COUNSEL