**The relief described hereinbelow is SO ORDERED**

**Done this 6th day of May, 2013.**

**William R. Sawyer**
**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **SMALL LOANS, INC., *et al.*[1],** | ) | **Case No. 11-12254-WRS** |
| | ) | |
| | ) | **Chapter 11** |
| **Debtors.** | ) | |
| | ) | **Jointly Administered** |

**ORDER CONFIRMING THE AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION FILED BY THE OMNIBUS OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND S. GREGORY HAYS, CHAPTER 11 TRUSTEE**

This matter came before the Court for hearing (the "Confirmation Hearing") on April 23, 2013 for confirmation of the Amended Joint Plan of Liquidation [Docket No. 349] (the "Plan") of Debtors Small Loans, Inc., The Money Tree, Inc., The Money Tree of Louisiana, Inc., The Money Tree of Florida, Inc., and The Money Tree of Georgia, Inc. (collectively, the "Debtors") filed by the Omnibus Official Committee of Unsecured Creditors (the "Committee") and S.

---

[1] The following cases are being jointly administered with the case of Small Loans, Inc.: The Money Tree, Inc., Case No. 11-12255; The Money Tree of Louisiana, Inc., Case No. 11-12256; The Money Tree of Florida, Inc., Case No. 11-12257; and The Money Tree of Georgia, Inc., Case No. 11-12258.

Gregory Hays, Chapter 11 Trustee (the "Trustee") filed on March 4, 2013. Unless otherwise indicated, the capitalized terms used herein shall have the meanings ascribed to them in the Plan. The parties who appeared at the Confirmation Hearing and the counsel who appeared on their behalf are reflected in the record of the Confirmation Hearing.

The Summary Disclosure Statement, containing information regarding how to obtain a full copy of the Plan and Disclosure Statement, along with other materials directed by the Court having been transmitted to creditors of the Debtors and all parties who requested notice, and after consideration of the evidence presented, the pleadings filed, the arguments of counsel, and the entire record of this case,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A. This Court has jurisdiction to confirm the Plan pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding under 28 U.S.C § 157(b)(2)(1) and venue of these Chapter 11 Cases is proper in this district.

B. This Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered and all evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of the Chapter 11 Cases.

C. The notice given and opportunity to be heard with respect to the Plan, the Disclosure Statement, the transactions contemplated thereby, and the Confirmation Hearing have been and are appropriate under the particular circumstances. All persons entitled to and required to receive notice of the Confirmation Hearing have received due, proper and adequate notice of

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

the Confirmation Hearing and have had an opportunity to appear and be heard at the Confirmation Hearing.

D.      The Plan adequately and properly classifies all Claims required to be classified and thus satisfies the requirements of sections 1122 and 1123(a)(1) of Title 11 of the United States Code (the "Bankruptcy Code").

E.      Under the Plan, each of Classes 2, 3, 4, and 5 are impaired. Thus, the Plan specifies which Classes of Claims are impaired under the Plan, and the Plan satisfies the requirements of section 1123(a)(2) of the Bankruptcy Code.

F.      The Plan adequately specifies the treatment of each impaired Class of Claims. Thus, the Plan satisfies the requirements of section 1123(a)(3) of the Bankruptcy Code.

G.      The Plan provides the same treatment for each Claim in a particular Class, unless the holder of a particular Claim agrees to less favorable treatment of such Claim. Thus, the Plan satisfies the requirements of Section 1123(a)(4) of the Bankruptcy Code.

H.      Sections IV and V of the Plan, among others, provide adequate means for implementation of the Plan. Thus, the Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

I.      The Plan complies with all applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") governing notice, disclosure, and solicitation in connection with the Plan, the Disclosure Statement and all other matters considered by this Court in connection with the bankruptcy case. Thus, the Plan satisfies the requirements of section 1129(a)(1) of the Bankruptcy Code.

J.      The Committee and the Chapter 11 Trustee, as Proponents of the Plan, are in compliance with the applicable provisions of the Bankruptcy Code. Solicitation of ballots from

holders of Claims was made following conditional approval and dissemination of the Disclosure Statement to holders of Claims in Classes that are impaired under the Plan and was made in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules. The ballots of holders of Claims entitled to vote on the Plan were properly solicited and tabulated. Based upon the foregoing and the record in this case, the Committee and the Chapter 11 Trustee satisfy the requirements of section 1129(a)(2) of the Bankruptcy Code.

K. Section 1129(a)(3) of the Bankruptcy Code requires that a Plan be proposed in good faith and not by any means forbidden by law. The Court has examined the totality of the circumstances surrounding the formulation of the Plan. The Plan is based on extensive arms-length negotiations among the Committee, the Chapter 11 Trustee and representatives of the major creditors. The Plan has been accepted or deemed accepted by the holders of Claims in all Classes entitled to vote on the Plan, and such acceptance evidences the informed decision of creditors that the Plan is in their best interest and maximizes the distribution that is available to them.

L. On the basis of the proffer of evidence presented at or prior to the Confirmation Hearing and the record in this case, the Court finds and concludes that the Plan has been proposed in good faith and not by any means forbidden by law. Thus, the Plan satisfies the requirements of section 1129(a)(3) of the Bankruptcy Code.

M. Any payment made or to be made by the Chapter 11 Trustee, or by any person issuing securities or acquiring property under the Plan, for services of for costs and expenses in or in connection with the case, or in connection with the Plan, and incident to the case, has been disclosed to the Court. Any such payment made before confirmation of the Plan has been approved by the Court as reasonable; or, if payment is to be fixed after confirmation of the Plan,

such payment is subject to the approval of the Court as reasonable. Thus, the Plan satisfies the requirements of section 1129(a)(4) of the Bankruptcy Code.

N. The Committee and the Chapter 11 Trustee, as Proponents of the Plan, have disclosed (i) the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtors, any affiliate of the Debtors participating in the Plan with the Debtors, or any successor to the Debtors under the Plan, and the Liquidating Trustee, and (ii) the appointment to, or continuance in, such office of such individual, or entity, is consistent with the interests of creditors and holders of Interests and with public policy. Thus, the Plan satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code.

O. Section 1129(a)(6) of the Bankruptcy Code requires a debtor to obtain the approval of any governmental regulatory commission with jurisdiction over the debtor with respect to any rate changes provided for in the debtor's plan. The Plan does not provide for any changes in rates that require regulatory approval of any governmental agency. Thus, the requirements of section 1129(a)(6) of the Bankruptcy Code are not applicable.

P. Each holder of a claim or interest in an impaired class will receive or retain under the Plan property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date. Thus, the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

Q. With respect to each Class of Claims or Interests of the Debtors, such Class has accepted the Plan or such Class is not impaired under the Plan. Thus, the Plan satisfies the requirements of section 1129(a)(8) of the Bankruptcy Code.

R. Except to the extent that a holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that:

(a) with respect to a Claim, if any, of a kind specified in section 507(a)(1) or 507(a)(2) of the Bankruptcy Code, on the Effective Date of the Plan, the holder of such Claim will receive on account of such Claim, cash equal to the allowed amount of such Claim or such other treatment as provided in the Plan;

(b) with respect to a Class of Claims of a kind specified in sections 507(a)(3), 507(a)(4), 507(a)(5), or 507(a)(6) of the Bankruptcy Code, each holder of a Claim of such Class will receive (i) if such Class has accepted the Plan, deferred cash payments of a value, and as of the Effective Date of the Plan, equal to the allowed amount of such Claim; or (ii) if such Class has not accepted the Plan, cash on the Effective Date of the Plan equal to the allowed amount of such Claim;

(c) the Debtors have no obligation for the payment of a Claim of a kind specified in section 507(a)(7) of the Bankruptcy Code; and

(d) with respect to a Claim of a kind specified in section 507(a)(8) of the Bankruptcy Code, the holder of such Claim will receive on account of such Claim deferred cash payments, over a period not exceeding five years after the date of assessment of such Claim, of a value, as of the Effective Date, equal to the allowed amount of such claim. Thus, the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

S. Classes 2, 3 and 4 are impaired Classes entitled to vote under the Plan. The Committee has filed a Report of Balloting with the Court that indicates that Class 2 unanimously voted to accept the Plan. Members of Class 3 overwhelmingly voted in favor of the Plan, with 99.5% of the amount and 98.8% of the number of claims voting in favor the Plan. No timely, properly completed ballots were received from members of Class 4. Therefore, at least one Class

of Claims against the Debtors that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by an insider. Thus, the Plan satisfies the requirements of section 1123(a)(10) of the Bankruptcy Code.

T. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors or any successors to the Debtors under the Plan, unless such liquidation or reorganization is proposed in the Plan or in the order confirming the Plan. Thus, the Plan satisfies the requirements of section 1123(a)(11) of the Bankruptcy Code.

U. All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all such fees on the Effective Date of the Plan. Thus, the Plan satisfies the requirements of section 1123(a)(12) of the Bankruptcy Code.

V. The Debtors have no obligation for the payment of retiree benefits, as that term is defined in section 1114 of the Bankruptcy Code. Thus, the Plan satisfies the requirements of section 1123(a)(13) of the Bankruptcy Code.

W. Administrative Expense Claims are unimpaired under the Plan. This Class of creditors and each holder of a Claim in such class are conclusively presumed to have accepted the Plan, and solicitation of acceptances with respect to such classes is, therefore, not required pursuant to section 1129(a)(9) of the Bankruptcy Code.

X. Priority Tax Claims are unimpaired under the Plan. This Class of creditors and each holder of a Claim in such Class are conclusively presumed to have accepted the Plan, and solicitation of acceptances with respect to such classes is, therefore, not required.

Y. Priority Non-Tax Claims are unimpaired under the Plan. This Class of creditors and each holder of a Claim in such Class are conclusively presumed to have accepted the Plan, and solicitation of acceptances with respect to such Classes is, therefore, not required.

Z. Secured Claims are unimpaired under the Plan. These Classes of creditors and each holder of a Claim in such Class are conclusively presumed to have accepted the Plan, and solicitation of acceptances with respect to such Classes is, therefore, not required.

AA. The Plan has been accepted (with respect to the impaired Classes) or deemed accepted (with respect to the unimpaired Classes) by all Classes of Claims and, therefore, the Plan satisfies all of the applicable requirements of Section 1129(a), including Section 1129(a)(8) with respect to all Classes, the Plan need not be considered for confirmation purposes under the cramdown provisions of sections 1129(b)(1), 1129(b)(2)(A), or 1129(b)(2)(B) of the Bankruptcy Code.

BB. No objection to the evidentiary submissions by the Committee in support of confirmation of the Plan was made at or before the Confirmation Hearing.

CC. The exculpation clause contained in the Plan is limited to acts and omissions occurring after the Filing Date in conjunction with administration of the Debtors' estates and the formulation and implementation of the Plan, as approved and ratified by the Court. Because the exculpation provisions do not provide for the release of any pre-petition claim, but rather relate only to the administration of the Debtors' estates post-petition, the exculpation provisions do not violate any provisions of the Bankruptcy Code. *See PWS Holding Corp*., 228 F.3d 224, 246 (3rd Cir. 2000).

DD. All the foregoing determinations constitute findings of fact and conclusions of law.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. All objections to confirmation of the Plan that have not been withdrawn, waived, or settled and all reservations of rights included therein, are overruled on the merits. All withdrawn objections are deemed withdrawn with prejudice.

2. The Plan is hereby CONFIRMED. Except as specifically modified herein, this Confirmation Order incorporates, approves, ratifies and authorizes each term and condition of the Plan and the transactions contemplated therein including, without limitation, the substantive consolidation of the Debtors.

3. The provisions of the Plan shall bind the Debtors and each and every creditor of the Debtors, whether or not the Claim of any such creditor is impaired under the Plan, whether or not any such creditor has accepted the Plan, whether or nor any such creditor has filed a proof of Claim or is deemed to have filed a proof of Claim, whether or not such creditor is listed on the Schedules of Creditors filed by the Debtors, and whether or not the Claim is allowed under section 502 of the Bankruptcy Code. The provisions of the Plan shall also bind all holders of Interests of the Debtors.

4. Pursuant to the terms of the Plan, the Debtors' estates are hereby substantively consolidated for all purposes relating to the Plan, including for purposes of distributions to Holders of Allowed Claims.

5. The terms of the Plan shall solely govern the classification of Claims and Interests for purposes of the distributions to be made thereunder, except to the extent that any subsequent order of this Court disallows, reduces, and/or reclassifies one or more Claims. The classifications set forth on the ballots tendered to or returned by the Debtors' creditors in

connection with voting on the Plan: (a) were set forth on the ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes; (c) may not be relied upon by any creditor as representing the actual classification of such Claims under the Plan for distribution purposes; and (d) shall not bind the Committee, the Chapter 11 Trustee, the Debtors' estates, the Post Confirmation Committee or the Liquidating Trustee.

6. Except as specifically approved pursuant to an order of the Court, no action taken by the Debtors or the Chapter 11 Trustee shall release, prejudice, or otherwise affect any Cause of Action held by the Estates or a Holder of a Claim against any person or entity.

7. The rights afforded in the Plan and the treatment of all holders of claims under the Plan shall be in exchange for and in complete discharge of all Claims of any nature whatsoever, whether known, or unknown, including any interest accrued thereon from and after the Petition Date, against the Debtors or their properties or interests in properties as provided in, and such discharge, shall, as an effect of confirmation, be governed by section 1141 of the Bankruptcy Code.

8. S. Gregory Hays is hereby appointed Liquidating Trustee, effective as of the Effective Date. The duties and obligations of the Liquidating Trustee shall be determined solely by the Plan and this Order, and the Liquidating Trustee shall seek the necessary approvals, consents, and reviews from the Post Confirmation Committee as set forth in the Plan. The Liquidating Trustee shall strictly comply with the terms of the Plan. Any failure of the Liquidating Trustee to strictly comply with the terms of the Plan following 3 days' notice from

the Post Confirmation Committee shall be deemed sufficient cause for the removal of the Liquidating Trustee after notice and a hearing.

9. Harold Blount, Dave Bragg, and John McLendon are appointed and confirmed as the members of the Post Confirmation Committee, effective as of the Effective Date. No member of the Post Confirmation Committee shall be liable for any error of judgment made in good faith, unless the Post Confirmation Committee member engages in willful misconduct or is grossly negligent.

10. The Post Confirmation Committee and the Liquidating Trustee are authorized, empowered and directed to take all action necessary or appropriate, including the execution, delivery, filing and recordation of any document, to implement, effectuate and consummate the Plan in accordance with its terms, to consummate the transactions contemplated by the Plan and to enter into, implement and consummate the contracts, instruments and other agreements or documents created in connection with the Plan or to be executed pursuant to the Plan.

11. Consistent with the intent of the Plan and upon his receipt of the purchase consideration of $10,000 from Moneytree, Inc. ("Moneytree Washington"), the Liquidating Trustee is hereby authorized and directed: a) promptly to execute the Assignment attached hereto as Exhibit A and thereby assign to Moneytree Washington the Debtors' entire interest, if any, and goodwill, if any, in the Debtors' trademark/service marks, trade name, and themoneytreeinc.com domain name, all as identified on said Exhibit A (collectively, the "Debtors' Money Tree Trademarks"); and b) promptly to execute any and all documents necessary to effectuate the assignment of same, upon reasonable request by Moneytree Washington and, at Moneytree Washington''s expense, promptly to execute and deliver to Moneytree Washington or its legal representative any and all papers, instruments, affidavits

and/or declarations necessary to enable Moneytree Washington to apply for, obtain, maintain, and enforce the transfer of the Debtors' Money Tree Trademarks to Moneytree Washington. Moneytree Washington accepts the transfer and assignment by the Trustee AS IS, WHERE IS and without recourse against or representations of any kind by the Trustee or the Debtors' bankruptcy estates. Following entry of this Order and assignment to Moneytree Washington of the Debtors' Money Tree Trademarks, the Debtors: a) shall cease all use of the MONEY TREE or MONEYTREE (or variant thereof) service mark and trade name on the Debtors' website and as a URL web address; and b) shall cease all use of the tree logo. In addition, no successor to the Debtors will hereafter operate (or authorize any other party or successor to operate) under a new business name, service mark, website, or domain name that includes the combination of "Money" and "Tree" or that includes the tree logo (or any colorable imitation thereof) identified in Exhibit A. For the avoidance of doubt, nothing shall preclude the Court, the Chapter 11 Trustee, the Post Confirmation Committee, or any other party in interest in these cases from using the "Money Tree" name in the administration of these bankruptcy cases or any related litigation. Moneytree Washington's acquisition of the assets identified in Exhibit A shall be free and clear of all liens, claims and interests (if any) pursuant to 11 U.S.C. § 363, with any such liens, claims or interests attaching to the purchase price paid for the assets in the order of their priority as such priority existed prior to entry of this Order.

12. In the event that the Effective Date does not timely occur, the Committee and the Chapter 11 Trustee reserve all rights to seek an order from the Court directing that this Confirmation Order be vacated, that the Plan be null and void in all respects, and/or that any settlement of Claims provided for in the Plan be null and void.

13. In the event of any inconsistencies between the Plan and any exhibits to the Plan or the Disclosure Statement or any other agreement or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise explicitly provided for in such exhibits, agreements or documents. In the event of any inconsistencies between the Plan (and related documents) and this Order, the provisions of this Order shall govern.

14. In accordance with the provisions of Section IX of the Plan, the Court shall retain jurisdiction over all matters arising out of, and related to, the Case and the Plan to the fullest extent permitted by law, including, without limitation, those enumerated in Section IX.E. of the Plan.

15. "Substantial consummation" of the Plan, as defined in section 1101(2) of the Bankruptcy Code, shall be deemed to occur when the Liquidating Trustee makes the Initial Distribution.

16. This Confirmation Order shall be effective according to its terms upon its entry upon the docket.

17. Unless expressly and unequivocally released in the Plan, by prior order of the Court, or by express agreement between the Chapter 11 Trustee and another party which was approved pursuant to an order of the Court, nothing shall be deemed to be a waiver or relinquishment or release of any Causes of Action that the Post Confirmation Committee or the Liquidating Trustee may choose to assert on behalf of the Estates under any provision of the Bankruptcy Code or any applicable non-bankruptcy law. All Causes of Action, cross-claims, setoffs, defenses and counterclaims of the Estates of any kind or nature whatsoever including, without limitation, those against third parties arising before the Effective Date that have not been

disposed of prior to the Effective Date shall be preserved and retained for enforcement by the Liquidating Trustee or the Post Confirmation Committee for the benefit of the Estates as set forth in the Plan.  Without limitation, the Post Confirmation Committee or the Liquidating Trustee shall have standing, and be entitled, to pursue any and all claims, defenses, causes of action, suits, or other rights of any non-debtor subsidiary or affiliate of the Debtors against any third party.

18. **Requests for payment of Administrative Expense Claims arising on or before the Effective Date must be filed with the Bankruptcy Court, pursuant to the following procedures, no later than thirty (30) days after the Effective Date.  Each such request for payment of an Administrative Expense Claim must include, at a minimum, (i) the name of the holder of the Claim, (ii) the amount of the Claim, (iii) the basis for the Claim, and (iv) documents evidencing or supporting the Claim.  Failure to timely and properly file a request for payment of an Administrative Expense Claim as set forth herein shall result in the Administrative Expense Claim being forever barred and discharged.  Objections to any such request may be made by the Post Confirmation Committee, the Liquidating Trustee, or any party in interest and such objections, if any, must be filed and served on the Post Confirmation Committee, the Liquidating Trustee, and the requesting party.**

19. This Confirmation Order is a final order, and the period within which an appeal must be filed shall commence upon the entry hereof.

20. The Effective Date of the Plan shall be the first business day following the date on which the time for filing an appeal pursuant to Rule 8002 of the Federal Rules of Bankruptcy Procedure expires, or, in the event that a timely appeal is filed, the first business day following the date on which this Order has been affirmed by the highest court to which it was appealed and

the time to take any further appeal shall have expired.  This Order shall constitute due and sufficient notice of the occurrence of the Effective Date and no other notice of occurrence of the Effective Date shall be required.

END OF DOCUMENT

Prepared and presented by:

     /s/ John D. Elrod
John D. Elrod
Greenberg Traurig, LLP
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
(678) 553-2100
elrodj@gtlaw.com
Counsel for the Official Committee of Unsecured Creditors

Consented to by:

    /s/ Daniel D. Sparks
Daniel D. Sparks
Christian & Small LLP
505 North 20th Street
1800 Financial Center
Birmingham, AL  35203
Counsel for S. Gregory Hays, Chapter 11 Trustee

EXHIBIT A

**TRADEMARK/SERVICE MARK, TRADE NAME, and DOMAIN NAME ASSIGNMENT**

For value received, S. Gregory Hays, in his capacity as Trustee for The Money Tree of Georgia, Inc., The Money Tree, Inc., Small Loans, Inc., The Money Tree of Florida, Inc., and The Money Tree of Louisiana, Inc. (collectively, the "Debtors" in related bankruptcy filings[3] in the U.S. Bankruptcy Court- Middle District of Alabama, Southern Division [collectively, the "Bankruptcy Cases"]), hereby transfers and assigns to Moneytree, Inc. all of the Debtors' right, title, interest and goodwill associated with the Debtors' Money Tree Trademarks as identified below:

| **Common Law Service Mark** |
| --- |
| THE MONEY TREE |
| THE MONEY TREE OF GEORGIA |
| THE MONEY TREE OF FLORIDA |
| THE MONEY TREE OF LOUISIANA |
| THE MONEY TREE INCORPORATED |
| **Trade Names** |
| The Money Tree |
| The Money Tree of Georgia |
| The Money Tree of Florida |

[3] The related Debtors along with the last four digits of each Debtors' federal tax identification number and respective case numbers are Small Loans, Inc. (3224) Case No. 11-12254, The Money Tree Inc. (1386) Case No. 11-12255, The Money Tree of Georgia, Inc. (9228) Case No. 11-12258, The Money Tree of Florida, Inc. (5315) Case No. 11-12257, and The Money Tree of Louisiana, Inc. (2592) Case No. 11-12256. Case information and the Debtors' respective addresses can be found at the dedicated website for these cases: http://haysconsulting.net/the-money-tree-inc/.

| The Money Tree of Louisiana |
|---|
| **Domain Names** |
| <themoneytreeinc.com> (also used as the URL www.themoneytreeinc.com |

This Assignment is made pursuant to that certain Confirmation Order entered by the U.S. Bankruptcy Court- Middle District of Alabama on __________, 2013 (Dkt. #___). Pursuant to the Order, the assignment of the Debtors' Money Tree Trademarks is specifically made AS IS, WHERE IS and without recourse against or representations of any kind by the Trustee or the Debtors' bankruptcy estates..

SIGNED at ________________ on this ____ day of __________________, 2013.

__________________________________
S. Gregory Hays, Trustee