IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SMALL LOANS, INC., *et al.*, | ) | Case No. 11-12254 (WRS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**APPLICATION FOR FINAL DECREE
CLOSING CHAPTER 11 CASES PURSUANT TO
SECTION 350(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**

The Post-Confirmation Committee of Small Loans, Inc., *et al.* (the "Committee"), by and through undersigned counsel, hereby submits this application (this "Application") for entry of a final decree, substantially in the form attached hereto as **Exhibit A**, closing the Debtors' chapter 11 cases.

### Relief Requested

1. By this Application, the Committee respectfully requests that this Court enter a final decree, substantially in the form attached hereto as **Exhibit A**, closing the chapter 11 cases of Small Loans, Inc., *et al.* No. 11-12254.

2. The Committee further requests approval from the Court to distribute certain remaining funds on hand to two charitable organizations.

### Jurisdiction

3. This court (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. Venue is proper in this Court under 28 U.S.C §§ 1408 and 1409. In addition, pursuant to the Confirmation Order (as defined herein), this Court has retained jurisdiction to enter a final decree closing these chapter 11 cases.

5.  The statutory basis for the relief requested herein is section 350(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

6.  On December 16, 2011 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On May 7, 2013, the Court entered the *Order Confirming the Amended Joint Chapter 11 Plan of Liquidation Filed by the Omnibus Official Committee of Unsecured Creditors and S. Gregory Hays, Chapter 11 Trustee* [Docket No. 845] (the "Confirmation Order"), thereby confirming the *Amended Chapter 11 Plan* [Docket No. 794] (the "Plan").[1] The Plan was substantially consummated on May 23, 2013 (the "Effective Date").

7.  As of the date hereof, the estates of the Debtors' cases have been substantially administered by the Trustee and the Committee, substantially all outstanding claims have been resolved, and substantially all distributions to holders of allowed claims have been made.

## Basis for Relief

8.  Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

9.  The Advisory Committee Note to Bankruptcy Rule 3022 provides in pertinent part:

> Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan.

confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or [its successor] has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

The court should not keep the case open only because of the possibility that the court's jurisdiction may be involved in the future. A final decree closing the case . . . does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code.

10. Courts generally use the six factors listed in the Advisory Committee Note to determine whether a case has been fully administered. *See, e.g., In re Aquatic Dev. Group, Inc.*, 352 F.3d 671, 676 (2d Cir. 2003); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999). The six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. *See Kliegl Bros.*, 238 B.R. at 542; *see also Walnut Assocs.v. Saidel*, 164 B.R. 487 (E.D. Pa. 1994).

11. Here, the Court entered the Confirmation Order, which is a final order,[2] on May 7, 2013. Following entry of the Confirmation Order, the Plan was substantially consummated on May 23, 2013, and the Effective Date occurred as set forth in Section IX.A of the Plan.

12. All property contemplated to be transferred or distributed pursuant to the Plan as to the Debtors has been transferred or disbursed to all creditors entitled to such distributions. Among other things, the Liquidating Trustee has:

- Paid cash to holders of Priority Non-Tax Claims in full satisfaction of such holders' claims;

---

[2] *See* Confirmation Order, at ¶ 19. Notably, there are no pending appeals of the Confirmation Order.

- Distributed to holders of Class 2 - Convenience Class of Unsecured Claims Against Debtors in an amount equal to 15% of such claim;

- Distributed to holders of Class 3 – Allowed General Unsecured Claims in an amount equal to 12.9% of such claim;

- No distributions were made to holders of Class 4 – Subordinated Claims or Class 5 – Equity Interests because holders of Class 3 claims were not paid in full.

13. As of the date hereof, all motions, contested matters, and adversary proceedings related to the Debtors have also been finally resolved.

14. A relatively small balance of $28,116.52 remains in the hands of the Liquidating Trustee. The Committee and the Trustee have agreed, subject to Court approval, to donate this balance to two charities of the Committee's choosing. The reason for this proposed donation is that the cost of distributing this amount to the thousands of creditors of the Debtors' estates would exceed the amount to be distributed, resulting in no net return to creditors. The two charities that the Committee proposes to donate the remaining funds to are as follows:

St. Jude Children's Research Hospital
ALSAT/St. Jude
Attn: Leslie Davidson
501 St. Jude Place
Memphis, TN 38105

Shriners Hospital for Children
Attn: Alicia Argiz Lyons
12502 USF Pine Drive
Tampa, FL 33621

**The Final Report**

15. Attached hereto as **Exhibit B** is a copy of the final report of the Liquidating Trustee, which includes a summary of distributions made pursuant to the Plan.

**Notice**

16. The Committee has provided notice of this Application to: (a) the Office of the U.S. Bankruptcy Administrator for the Middle District of Alabama; (b) all parties required to receive notice under the Confirmation Order; and (c) those parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee respectfully submits that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court enter a final decree, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court deems appropriate.

Dated: September 3, 2020

**GREENBERG TRAURIG, LLP**

/s/ John D. Elrod
John D. Elrod
Terminus 200, Suite 2500
3333 Piedmont Road, NE
Atlanta, Georgia 30305
(678) 553-2259
(678) 553-2269 Facsimile
elrodj@gtlaw.com
*Counsel for the Post-Confirmation Committee of Small Loans, Inc., et al.*

## CERTIFICATE OF SERVICE

I certify that on this day I have served a copy of the foregoing document via notice of electronic filing, electronic mail, and/or U.S. Mail to (a) the Office of the U.S. Bankruptcy Administrator for the Middle District of Alabama; (b) all parties required to receive notice under the Confirmation Order; and (c) those parties requesting notice pursuant to Bankruptcy Rule 2002.

Dated: September 3, 2020

/s/ John D. Elrod
John D. Elrod